DOWNEY BRAND LLP
CASSANDRA M. FERRANNINI (Bar No. 204277)
cferrannini@downeybrand.com
CAMERON P. HAYNES (Bar No. 316944)
chaynes@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:   916.444.1000
Facsimile:   916.444.2100

Attorneys for Defendant
COMFORT AIR, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| JENNIFER MEZA, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>COMFORT AIR, INC., a California corporation; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL** |

Please take notice that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant COMFORT AIR, INC. ("Comfort Air" or "Defendant"), by its undersigned attorneys, hereby gives notice of the removal of this action to the United States District Court for the Eastern District of California on the grounds of federal question jurisdiction pursuant to the Family and Medical Leave Act ("FMLA") (29 U.S.C. § 2601 *et seq.*) and supplemental jurisdiction over Plaintiff's remaining California law claims. As the requisite "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a), Comfort Air states as follows:

### I.    JURISDICTION

1. This court has original jurisdiction over Plaintiff's claims involving federal questions related to the FMLA (29 U.S.C. § 2601 *et seq.*) pursuant to 28 U.S.C. §§ 1331, 1441 and supplemental jurisdiction over Plaintiff's remaining California law claims pursuant to 28 U.S.C.

§§ 1367, 1441.

## II. TIMELINESS OF REMOVAL

2. On or about March 24, 2022, Plaintiff Jennifer Meza ("Plaintiff") commenced an action in the Superior Court of the State of California, in and for the County of San Joaquin, entitled *Jennifer Meza v. Comfort Air Incorporated*, Case Number STK-CV-UWT-2022-2180.

3. Counsel for Comfort Air received a courtesy copy of Plaintiff's Complaint on March 24, 2022, along with a proposed Notice and Acknowledgement of Receipt. (Declaration of Cameron P. Haynes In Support of Notice of Removal ("Haynes Decl.") ¶ 2-3, Exhibit A ("Complaint").)

4. On April 13, 2022, counsel for Comfort Air executed the Notice and Acknowledgement of Receipt of Plaintiff's Complaint on behalf of Comfort Air and returned the executed Notice of Acknowledgement to Plaintiff. (Haynes Decl., ¶ 4, Exhibit B.)

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed with this Court within 30 days after service of the Complaint on Comfort Air. Cal. Code Civ. Proc. § 415.30(c); CIT Bank, N.A. v. Westchester Fire Insurance Company, 2019 WL 6357253 at *1, fn. 2 (C.D. Cal. Mar. 29, 2019).

## III. VENUE

6. The Superior Court of the State of California, San Joaquin County, is within the United States District Court for the Eastern District of California, Sacramento Division.

7. Thus, pursuant to 28 U.S.C. §§ 84 and 1441(a) and Local Rule 120(d), venue in the United States District Court of the Eastern District of California, Sacramento Division, is proper.

## IV. FACTUAL AND PROCEDURAL BACKGROUND

8. Comfort Air employed Plaintiff as a clerical employee from 2018 through 2021 in its Stockton, California location.

9. Plaintiff's Complaint alleges eight Causes of Action relating to her former employer—Comfort Air. (Haynes, Decl. ¶ 3, Complaint.)

10. Plaintiff alleges that Comfort Air, "is and at all relevant times was . . . a covered employer for the purposes of the" FMLA. (Haynes, Decl. ¶ 3, Complaint ¶ 2.)

2
NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

DOWNEY BRAND LLP

11. The eight claims alleged in Plaintiff's Complaint are: (1) Disability Discrimination in Violation of FEHA, (2) Retaliation in Violation of FEHA; (3) Discrimination in Violation of FMLA/CFRA, (4) Retaliation in Violation of FMLA/CFRA, (5) Interference with CFRA; (6) Wrongful Termination in Violation of Public Policy, (7) Failure to Engage in the Interactive Process in Good Faith in Violation of FEHA, and (8) Failure to Provide a Reasonable Accommodation in Violation of FEHA.  (Haynes, Decl. ¶ 3, Complaint.)

12. For her alleged claims, Plaintiff seeks: Compensatory damages, general damages, special damages, exemplary damages, punitive damages, attorneys' fees, costs, prejudgment interest, post-judgement interest, and "[a]ny other relief the court deems proper."  (Haynes, Decl. ¶ 3, Complaint at Prayer for Relief.)

## V.    COMPLIANCE WITH STATUTORY REQUIREMENTS

13. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and a Notice of Filing of this Notice of Removal is being served upon Plaintiff through his attorney of record and upon the Clerk of the Superior Court for the State of California, County of San Joaquin.

14. Pursuant to 28 U.S.C. § 1446(a), true copies of all process, pleadings, and orders served upon Comfort Air in the Superior Court for the State of California, County of San Joaquin, Case Number STK-CV-UWT-2022-2180, are attached to the accompanying Declaration of Cameron P. Haynes as **Exhibit A**.

15. The defendants that Plaintiff designated as Does One through 20 are fictitious defendants.  To Comfort Air's knowledge, they have not been served and therefore do not have to join in the Notice of Removal.  See Salveson v. Western States Bankcard Assoc., 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves."), *superseded by statute on unrelated grounds* as noted in Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 fn. 3 (9th Cir. 1988).

## VI.    FEDERAL QUESTION JURISDICTION PURSUANT TO THE FMLA

16. A state court action may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331.

1807755v1

3

NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

17. The FMLA is codified by federal statute at 29 U.S.C. § 2601 *et seq.*

18. Plaintiff's Complaint alleges two causes of action arising under the FMLA: (1) Discrimination in violation of FMLA and (2) retaliation in violation of FMLA. (Haynes, Decl. ¶ 3, Complaint ¶¶ 37-50.)

19. This Court thus has original jurisdiction over Plaintiff's FMLA claims as alleged in the third and fourth causes of action in her Complaint. 28 U.S.C. § 1331. Removal of those claims is thus proper.

## VII. SUPPLEMENTAL JURISDICTION

20. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

21. The United States Supreme Court holds that federal and state law claims are "so related" pursuant to 28 U.S.C. § 1367(a) when they share a "common nucleus of operative fact' and would 'ordinarily be expected to [be tried] all in one judicial proceeding." See Osborn v. Haley, 549 U.S. 225, 245 (2007) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)).

22. FMLA and related California law claims involving an employee's termination "arise from the same common nucleus of operative fact" and warrant supplemental jurisdiction over all such claims. See Tam v. Qualcomm, Inc., 300 F.Supp.3d 1130, 1139 (S.D. Cal. 2018). In Tam, the plaintiff alleged FMLA claims regarding his termination. Id. Plaintiff's remaining claims all arose under California law. Id. The defendant sought removal based on federal question jurisdiction due to the plaintiff's FMLA claims and supplemental jurisdiction over the plaintiff's remaining California law claims. Id. at 1138-1139. The court held that the plaintiff's FMLA claims and "all of Plaintiff's state law claims revolve around his termination . . . which he alleges was wrongful," and thus that it should exercise "supplemental jurisdiction over all state law claims." Id.; *cf* Greenwood v. Palomar Health, 2021 WL 2780283 at *2 (S.D. Cal. July 2, 2021) (remanding and declining supplemental jurisdiction because plaintiff's non-FMLA claims

under California law had "no apparent ties between the alleged incidents of harassment and [plaintiff's] termination, on the one hand, and the failure to offer FMLA/CFRA leave, on the other . . .").

23.     Plaintiff's causes of action arising under the FMLA relate to two operative facts: (1) that Plaintiff took medical leave and (2) that Comfort Air terminated her at-will employment. Regarding her third cause of action (FMLA Discrimination), Plaintiff's allegations center on the timing of her termination "after returning from FMLA" leave. (Haynes, Decl. ¶ 3, Complaint ¶ 40.) As to her fourth cause of action (FMLA Interference), Plaintiff's allegations similarly allege interference due to her termination "shortly after returning from FMLA" leave. (Id. at ¶ 48.)

24.     Each of Plaintiff's remaining causes of action arising under California law relate to the same operative facts. Plaintiff's first and second causes of action (Disability Discrimination and Retaliation) allege Plaintiff took "medical leave to address her serious health conditions," that this condition "was a substantial motivating reason" for her termination and that Comfort Air retaliated against her for "taking medical leave." (Haynes, Decl. ¶ 3, Complaint ¶¶ 26-27, 32.) Plaintiff's CFRA allegations in causes of action three and four plead identical claims to those alleged under the FMLA—which involve her medical leave and termination. (Id. at ¶¶ 40, 48.) Plaintiff's fifth cause of action (CFRA Retaliation) again alleges Comfort Air terminated Plaintiff because she took "medical leave." (Id. at ¶ 54.) Regarding her sixth cause of action (Wrongful Termination in Violation of Public Policy), Plaintiff alleges Comfort Air's actions related to her medical leave and eventual termination "were wrongful and in direct contravention of the fundamental public policies of . . . California." (Id. at ¶ 60.) Finally, Plaintiff's seventh and eighth causes of action (Failure to Engage in the Interactive Process and Failure to Provide a Reasonable Accommodation) focus on Comfort Air's alleged actions in forcing her "to stay on leave" and Plaintiff's "resulting termination." (Id. at ¶¶ 65, 73.)

25.     This Court should exercise supplemental jurisdiction over Plaintiff's remaining California law claims because every cause of action shares a "common nucleus of operative fact[s]" regarding her medical leave and termination. Osborn v. Haley, 549 U.S. at 245. Similar to the plaintiff's California law claims regarding his termination in Tam, all of Plaintiff's

California law claims "revolve around [her] termination." See Tam v. Qualcomm, Inc., 300 F.Supp.3d at 1139. Supplemental jurisdiction over all of Plaintiff's causes of action arising under California law is appropriate pursuant to 28 U.S.C. § 1367(a).

26. This action is removable in its entirety due to this Court's original jurisdiction over Plaintiff's causes of action arising under federal law pursuant to the FMLA and its supplemental jurisdiction over Plaintiff's closely related California law claims.

## VIII. DEMAND FOR JURY TRIAL

27. Comfort Air demands a jury trial on all issues.

## IX. CONCLUSION

WHEREFORE, Comfort Air respectfully removes the above-entitled action now pending before the Superior Court of the State of California for the County of San Joaquin to this Court.

DATED: May 13, 2022                    DOWNEY BRAND LLP


By:    /s/ *Cassandra M. Ferrannini*
       CASSANDRA M. FERRANNINI
       CAMERON P. HAYNES
       Attorneys for Defendant
       COMFORT AIR, INC.