DOWNEY BRAND LLP
CASSANDRA M. FERRANNINI (Bar No. 204277)
cferrannini@downeybrand.com
CAMERON P. HAYNES (Bar No. 316944)
chaynes@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone: 916.444.1000
Facsimile: 916.444.2100

Attorneys for Defendant
COMFORT AIR, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

JENNIFER MEZA, an individual,

Plaintiff,

v.

COMFORT AIR, INC., a California corporation; and DOES 1 through 20, inclusive,

Defendants.

Case No.

**DECLARATION OF CAMERON P. HAYNES IN SUPPORT OF NOTICE OF REMOVAL**

I, Cameron P. Haynes, declare as follows:

1. I am an associate with the law firm of Downey Brand LLP, counsel for Defendant COMFORT AIR, INC. ("Comfort Air"). I am duly licensed to practice law before this court. I have personal knowledge of the facts stated in this declaration and, if sworn as a witness, could and would competently testify thereto.

2. On March 24, 2022, I received a courtesy copy of Plaintiff Jennifer Meza's ("Plaintiff") Complaint filed in the Superior Court for the State of California, County of San Joaquin, Case Number STK-CV-UWT-2022-2180 and Plaintiff's Notice of Acknowledgement of Receipt regarding her Complaint.

3. Attached hereto as **Exhibit A** is a true copy of all process, pleadings, and orders served upon Comfort Air, Inc., in the Superior Court for the State of California, County of San

Joaquin, Case Number STK-CV-UWT-2022-2180.

4. Attached hereto as **Exhibit B** is a true copy of the fully executed Notice and Acknowledgement of Receipt of Plaintiff's Complaint in Case Number STK-CV-UWT-2022-2180, which I executed on April 13, 2022, on behalf of Comfort Air and which my office provided to Plaintiff on April 13, 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of May, 2022, in Sacramento, California.

CAMERON P. HAYNES

DOWNEY BRAND LLP

# Exhibit A

Exhibit A

COPY

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
2022 MAR 23 AM 11:51
BRANDON E. RILEY, CLERK
TRUDY L. HALEY
BY
DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
COMFORT AIR, INC., a California corporation; and DOES 1 through 20, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Jennifer Meza, an individual.

BY FAX

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California - San Joaquin Civil Department, 180 E Weber Ave., Suite 200, Stockton CA 95202

STK-CV- UWT 2022- 2180

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua Falakassa, 1901 Avenue of the Stars, #450, Los Angeles, CA 90067, (818) 456-6168

DATE: *(Fecha)* MAR 2 3 2022 BRANDON E. RILEY Clerk, by *(Secretario)* TRUDY L. HALEY, Deputy *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of (specify): Comfort Air, Inc.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

COPY

FILED
2022 MAR 23 AM 11:51
BRANDON E. RILEY CLERK
BY TRUDY L. HALEY
DEPUTY

BY FAX

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa (SBN: 295045)
Gregory Lang (SBN: 335036)
1901 Avenue of the Stars Suite # 450
Los Angeles, California 90067
Tel.: (818) 456-6168 | Fax: (888) 505-0868
Email: josh@falakassalaw.com

Attorney for Plaintiff,
JENNIFER MEZA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN JOAQUIN

| | |
|---|---|
| JENNIFER MEZA, an individual,<br><br>Plaintiff,<br>vs.<br><br>COMFORT AIR, INC., a California corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: STK-CV-UWT-2022-2180<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) DISABILITY DISCRIMINATION IN VIOLATION OF FEHA;**<br>**(2) RETALIATION IN VIOLATION OF FEHA;**<br>**(3) DISCRIMINATION IN VIOLATION OF FMLA/CFRA;**<br>**(4) RETALIATION IN VIOLATION OF FMLA/CFRA;**<br>**(5) INTERFERENCE WITH CFRA;**<br>**(6) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>**(7) FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN GOOD FAITH IN VIOLATION OF FEHA; and**<br>**(8) FAILURE TO PROVIDE A REASONABLE ACCOMODATION IN VIOLATION OF FEHA;**<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

**COMES NOW** Plaintiff Jennifer Meza ("Plaintiff") for the following allegations and causes of action against Defendants Comfort Air, Inc.; and Defendants Does 1 through 20 (collectively "Defendants"):

**PARTIES**

1. Plaintiff is an adult female who at all relevant times is and was residing in San Joaquin County, California.

2. Plaintiff is informed and believes and on that basis alleges that Defendant Comfort Air, Inc. is and at all relevant times was a corporation incorporated in California with its principal place of business at 1607 Turnpike Road, Stockton, California. Comfort Air, Inc., does business in the State of California and employed Plaintiff and more than 50 employees. As such, Comfort Air, Inc., is and at all relevant times was an "employer" defined by the California Fair Employment and Housing Act ("FEHA") and a covered employer for purposes of the Family Medical Leave Act ("FMLA") and California Family Rights Act ("CFRA").

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 20, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named Defendants is legally and/or equitably responsible for the occurrences herein alleged.

4. At all times herein mentioned Defendants, and each of them, were the agents and employees of the other Defendants, and each of them, and in doing the things hereinafter alleged, were acting in the course and scope of the agency and employment and with the permission of Defendants, and each of them.

**COMMON FACTUAL ALLEGATIONS**

5. Comfort Air, Inc., is a heating, ventilation, and air conditioning ("HVAC") installer and servicing company with approximately 75 employees in California.

6. Plaintiff was an employee of Comfort Air, Inc. since September 2018. Plaintiff worked as an administrator in the accounts payable and receivable department.

7.      Plaintiff's job duties included managing Excel spreadsheets, data entry and record keeping, handling lien releases, working with general contractors to ensure compliance, and all manner of other office tasks.

8.      Over the course Plaintiff's employment, she effectively performed her job duties and was a pleasure to work with. Indeed, Dustin Sacconne, president of Comfort Air, Inc., sent the following email to her: "Jen, our accounts receivable is lower than it has ever been. You are doing a great job Jen! I know I'm not great about giving out "atta-boys" Or [sic] in this case, "atta-girls." But, good work. I appreciate it!!!!"

9.      Plaintiff also received a $10,000 bonus in spring of 2021 and never received any negative performance reviews. Plaintiff's personal file, produced by Defendants on January 24, 2022, contains no negative evaluations or negative performance reviews whatsoever.

10.     On or about October 12, 2021, Plaintiff requested and was granted use of her accrued paid time off to undergo an elective surgery. Plaintiff was scheduled to return to work on October 21, 2021.

11.     However, after and as a result of the surgery, Plaintiff suffered from surgical complications, including, seroma, and inflammation. On October 26, 2021, Plaintiff's physician, Dr. Hugh Vu, MD, provided a brief note to Defendants indicating that Plaintiff was to be off work until she received medical clearance.

12.     Therefore, Plaintiff required additional leave of absence as a reasonable accommodation to heal. Defendants granted this request.

13.     During this time, Plaintiff requested to work remotely from home, or come in after hours during her period of healing as reasonable accommodations. Plaintiff was able to work but simply required the ability to use ice packs to minimize pain and swelling. However, Defendants denied both accommodations and instead required that Plaintiff remain on medical leave until she was released in full capacity. Defendants denied Plaintiff's request to work after hours purportedly due to Plaintiff's doctor's note. Defendants denied Plaintiff's request to work from home allegedly due to the unavailability of laptops.

14.     On November 8, 2021, after being cleared to return to work by her doctor, Plaintiff returned to work.

15.     On November 22, 2021, Plaintiff was called into the office around 1pm by Dustin Saccone and Robin Vincelet, Plaintiff's manager. Mr. Saccone told Plaintiff that she was not being "terminated" or "fired" but that Defendants were "letting her go." When asked why she was being "let go," Plaintiff was told a number of excuses, such as Defendants were eliminating the position, the company "was going in a different direction," and that she made too many mistakes. After Plaintiff pressed the issue, she was told that the extended time she took off to heal from her surgery was a factor in her termination.

16.     Dustin Saccone provided her with a positive reference letter after the termination. The letter stated:

> "My name is Dustin Saccone, and I am the owner of Comfort Air, Inc. We are an HVAC / Plumbing / General Contracting company. I am writing this letter to inform you and make a great recommendation for Jennifer Meza. With great confidence, I can highly recommend Jennifer as a possible and qualified applicant for the available position in your company. Jennifer has been our company's Office Administrator from 9/17/2018 to 11/22/2021. Jennifer brought a positive, energetic personality to our company. Jennifer has great organizational qualities, which allowed her to thrive in our chaotic industry. Furthermore, because of the diversity of our company, she has had the opportunity to cross train in many other departments giving her a deeper knowledge of our industry. I believe that Jennifer would be a huge resource for your organization and has my most noteworthy recommendation."

17.     Plaintiff is informed and believes, and based thereon alleges that Comfort Air, Inc., discriminated against Plaintiff on account of her disability/serious health condition by terminating her employment.

18.     Plaintiff further alleges that Comfort Air, Inc., retaliated against her by terminating her employment because of her taking medical leave as a reasonable accommodation.

19.     Plaintiff is informed and believes, and based thereon alleges that Comfort Air, Inc., terminated Plaintiff for exercising her FMLA/CFRA rights.

20.     On March 18, 2022, Plaintiff filed with the California Department of Fair Employment and Housing ("DFEH") a complaint charging Defendants with discrimination in violation of FEHA. On March 18, 2022, the DFEH issued Plaintiff a right-to sue letter.

**FIRST CAUSE OF ACTION**

**(Disability Discrimination in Violation of FEHA)**

**(Against All Defendants)**

21. Plaintiff incorporates each allegation set forth in the paragraphs above.

22. At all times herein mentioned, Government Code § 12940 *et seq*., § 12926.1, § 12945.2 ("FEHA") were in full force and effect and binding upon Defendants. The FEHA requires that Defendants refrain from discharging any person from employment on the basis of physical/mental disability or medical condition.

23. Plaintiff is, and at all relevant times herein mentioned was an "employee" who suffered from a disability as defined by the FEHA.

24. At all relevant times herein mentioned, Plaintiff was qualified and competent to perform the duties of her position, and or any other which were available, with a reasonable accommodation.

25. Plaintiff is informed and believes and thereon alleges that based upon her temporary disability, Defendants terminated Plaintiff's employment.

26. As such, Defendants' termination of Plaintiff was in violation of the FEHA. Defendants knew that Plaintiff had a temporary disability that limited a major life activity, namely Plaintiff's ability to work. Plaintiff's taking of medical leave to address her serious health conditions was a substantial motivating reason for Defendants' decision to terminate Plaintiff. Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

27. As a result of Defendants wrongful discharge of Plaintiff, she has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

28. Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

29. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

30. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants, specifically by the President of the company Dustin Saccone. In addition, Defendants had in place policies and procedures that specifically prohibited discrimination based on disability and required Defendants' managers, officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies. Therefore, Defendants' conduct was outrageous, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and other disabled employees. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**

**(Retaliation in Violation of FEHA)**

**(Against All Defendants)**

31. Plaintiff incorporates each allegation set forth in the paragraphs above.

32. At all times herein mentioned, the FEHA was in full force and effect and binding on Defendants. The FEHA makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice and who asserts their rights under the FEHA, including requesting a reasonable accommodation or taking medical leave.

33. Defendants' conduct as alleged herein above constituted unlawful retaliation in violation of the FEHA.

34. As a result of Defendants retaliatory discharge of Plaintiff, she has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

35. Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

36. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

**<u>THIRD CAUSE OF ACTION</u>**

**(Discrimination in Violation of FMLA/CFRA)**

**(Against All Defendants)**

37. Plaintiff incorporates each allegation set forth in the paragraphs above.

38. All relevant times herein, Plaintiff was entitled to protected leave under the FEHA, which includes Government Code § 12945.2 et seq. ("CFRA"). Moreover, Plaintiff was entitled to protected leave under 29 U.S.C. § 2601 *et seq*. ("FMLA") and 29 C.F.R. § 825.11. (*Basso v. Potter* (D. Conn. 2009) 596 F.Supp.2d 324.) Defendants did business in the State of California, and Plaintiff is informed and believes Defendants employed 50 or more full or part-time employees.

39. It is unlawful for an employer to discriminate against any employee for exercising their right to unpaid leave under the FMLA/CFRA.

40. Plaintiff has a disability under FEHA/CFRA and a serious health condition under the FMLA. Plaintiff gave appropriate notice of her need to be absent from work at least 30 days before leave was to begin, or alternatively as soon as practicable after she learned of the need for medical leave. Nevertheless, Plaintiff was terminated a mere nine work days after returning from FMLA/CFRA leave, and Plaintiff's medical leave was a substantial, motivating, and determinative factor for Defendants to terminate Plaintiff's employment.

41. As a proximate result of the aforesaid acts and omissions of Defendants, Plaintiff has suffered actual, consequential and incidental financial loss, including, loss of wages and benefits, and the intangible loss of employment related opportunities in her field, and future employment in her profession.

42. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

43.     The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. Specifically, they were ratified by the President Dustin Saccone. In addition, Defendants had in place policies and procedures that specifically prohibited discrimination based on disability and required Defendants' managers, officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies. Therefore, Defendants' conduct was outrageous, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and other disabled employees. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**(Interference with FMLA/CFRA Rights)**

**(Against All Defendants)**

44.     Plaintiff incorporates each allegation set forth in the paragraphs above.

45.     All relevant times herein, Plaintiff was entitled to protected leave under the FEHA, which includes Government Code § 12945.2 et seq. ("CFRA").  Moreover, Plaintiff was entitled to protected leave under 29 U.S.C. § 2601 *et seq*. ("FMLA") and 29 C.F.R. § 825.11. (*Basso v. Potter* (D. Conn. 2009) 596 F.Supp.2d 324.) Defendants did business in the State of California, and Plaintiff is informed and believes Defendants employed 50 or more full or part-time employees.

46.     The FMLA/CFRA provide job security to an employee who is absent from work because of the employee's serious health condition or to care for specified family members with serious health conditions, amongst other things.

47.     It is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right under the FMLA. (29 USC § 2601(b)(1); 29 CFR §

825.220(a)(1).) It is likewise unlawful for an employer to refuse to grant an employee medical leave under the CFRA. (Cal. Gov. Code § 12945.2.)

48. Defendants willfully interfered with Plaintiff's FMLA/CRFA rights and her exercise of those rights by terminating her employment a mere nine workdays after she returned from FMLA/CFRA leave. Plaintiff gave appropriate notice of her need to be absent from work at least 30 days before leave was to begin, or alternatively as soon as practicable after she learned of the need for leave. Nevertheless, Plaintiff was terminated shortly after returning from FMLA/CFRA leave, and Plaintiff's leave was a substantial, motivating, and determinative factor for Defendants to terminate Plaintiff's employment.

49. As a proximate result of the aforesaid acts and omissions of Defendants, Plaintiff has suffered actual, consequential and incidental financial loss, including, loss of wages and benefits, and the intangible loss of employment related opportunities in her field, and future employment in her profession. Further, Defendants' interference with Plaintiff's FMLA/CFRA rights was not in good faith; therefore, Plaintiff may recover, as liquidated damages, an additional amount equal to the entire award of lost wages, benefits, etc., and interest.

50. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs. (29 U.S.C. § 2617(a)(3) and 29 C.F.R. § 825.400(c); Cal. Gov. Code, § 12965, subd. (b).)

**<u>FIFTH CAUSE OF ACTION</u>**

**(Retaliation in Violation of CFRA)**

**(Against All Defendants)**

51. Plaintiff incorporates each allegation set forth in the paragraphs above.

52. All relevant times herein, Plaintiff was entitled to protected leave under the FEHA, which includes Government Code § 12945.2 et seq. ("CFRA"). Defendants did business in the State of California, and Plaintiff is informed and believes Defendants employed 5 or more full or part-time employees.

53. It is unlawful for an employer to retaliate against an employee for requesting or taking medical leave under the CFRA. (Cal. Gov. Code § 12945.2(l).)

54. Plaintiff was eligible for medical leave due to her disability and serious medical condition, and both requested and took FMLA/CFRA medical leave for her own serous health condition.

55. Defendants terminated Plaintiff's employment based on Plaintiff's taking of CFRA medical leave. Plaintiff's requested and taken medical leave was a substantial motivating reason for her termination by Defendants. Plaintiff was harmed, and Defendants' termination of Plaintiff's employment was a substantial factor in causing Plaintiff's harm.

56. As a proximate result of the aforesaid acts and omissions of Defendants, Plaintiff has suffered actual, consequential and incidental financial loss, including, loss of wages and benefits, and the intangible loss of employment related opportunities in her field, and future employment in her profession. Further, Defendants' interference with Plaintiff's CFRA rights was not in good faith; therefore, Plaintiff may recover, as liquidated damages, an additional amount equal to the entire award of lost wages, benefits, etc., and interest.

57. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy)**

**(Against All Defendants)**

58. Plaintiff incorporates each allegation set forth in the paragraphs above.

59. The FEHA and/or the CFRA reflect the fundamental public policies of the State of California. These public policies are designed to prevent discrimination/retaliation based on disability, and to prevent the interference of employee's rights to use CFRA leave, amongst other public policies.

60. The actions of Defendants in terminating Plaintiff on the grounds alleged herein were wrongful and in direct contravention of the fundamental public policies of the State of California.

61. As a proximate result of the aforesaid acts and omissions of Defendants, Plaintiff has suffered actual, consequential and incidental financial loss, including, loss of wages and benefits, and the intangible loss of employment related opportunities in her field, and future employment in her profession.

62. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. As a result of the acts of Defendants as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs as provided in Code of Civil Procedure § 1021.5.

**SEVENTH CAUSE OF ACTION**

**(Failure to Engage in the Interactive Process in Violation of FEHA)**

**(Against All Defendants)**

63. Plaintiff incorporates each allegation set forth in paragraphs above.

64. Government Code § 12940(n) provides in pertinent part: "[I]t is unlawful employment practice, unless based on upon a bona fide occupational qualification, or, except where based upon applicable security regulations established by the United States or the State of California: (n) For an employer or other entity covered by this part to fail to engage in a timely, good faith, interactive process with the employee... to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee... with a known physical or mental disability or known medical condition."

65. Plaintiff is informed and believes and on that basis alleges that the Defendants did not engage in a reasonable nor meaningful interactive process with regard to Plaintiff and her disability, and need for reasonable accommodation(s), and instead forced Plaintiff to stay on leave.

66. Defendants were aware of Plaintiff's disability, and her need for reasonable accommodations, but nonetheless, Defendants failed to respond or engage in a good-faith

interactive process in any meaningful manner, and instead kept Plaintiff on leave. Defendants, through its employees and agents, failed to engage in a meaningful or reasonable interactive process regarding Plaintiff's disability in violation of Government Code § 12940(n).

67. Plaintiff was ready and willing to participate in an interactive process to determine whether a reasonable accommodation could be made so that she would be able to perform the essential job requirements. However, Defendants failed to participate in good-faith with Plaintiff to provide a reasonable accommodation. Plaintiff was harmed, and Defendants' failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

68. As a result of Defendants' wrongful discharge of Plaintiff, she has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial. Plaintiff also seeks statutory attorneys' fees and costs pursuant to Government Code § 12965(b).

69. Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

**EIGHTH CAUSE OF ACTION**

**(Failure to Provide a Reasonable Accommodation in Violation of FEHA)**

**(Against All Defendants)**

70. Plaintiff incorporates each allegation set forth in paragraphs above.

71. Defendants engaged in conduct that intended to, and did, discriminate against Plaintiff by unlawfully failing and refusing to reasonably accommodate Plaintiff's known and/or perceived disability and related conditions and symptoms, by unlawfully failing to engage in a timely good faith interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's known disability, and by instead terminating Plaintiff.

72. Plaintiff was able to perform the essential job duties with reasonable accommodations, but Defendants failed to provide any reasonable accommodation for Plaintiff's condition. Plaintiff was harmed, and Defendants' failure to provide reasonable accommodation was a substantial factor in causing Plaintiff harm.

73.    As a result of Defendants' failure to accommodate Plaintiff, and her resulting termination, Plaintiff has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

74.    Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages. Plaintiff also seeks statutory attorneys' fees and costs pursuant to Government Code § 12965(b).

**WHEREFORE**, Plaintiff prays for the following relief against all Defendants:

A.  As to the First Cause of Action,

    a.  Compensatory damages according to proof at trial;

    b.  General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within her career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

    c.  Exemplary and punitive damages according to proof at trial;

    d.  Reasonably attorneys' fees and costs pursuant to Government Code § 12965.

    e.  Prejudgment and post judgment interest; and

    f.  Any other relief the court deems proper.

B.  As to the Second Cause of Action

    a.  Compensatory damages according to proof at trial;

    b.  General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within her career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

    c.  Exemplary and punitive damages according to proof at trial;

    d.  Reasonably attorneys' fees and costs pursuant to Government Code § 12965;

    e.  Prejudgment and post judgment interest; and

    f.  Any other relief the court deems proper.

C.  As to the Third Cause of Action,

   a.  Compensatory damages according to proof at trial;

   b.  General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within her career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

   c.  Exemplary and punitive damages according to proof at trial;

   d.  Reasonably attorneys' fees and costs pursuant to Government Code § 12965;

   e.  Prejudgment and post judgment interest; and

   f.  Any other relief the court deems proper.

D.  As to the Fourth Cause of Action,

   a.  Compensatory damages according to proof at trial;

   b.  General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within her career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

   c.  Exemplary and punitive damages according to proof at trial;

   d.  Reasonably attorneys' fees and costs pursuant to Cal. Gov. Code § 12965;

   e.  Prejudgment and post judgment interest; and

   f.  Any other relief the court deems proper.

E.  As to the Fifth Cause of Action,

   a.  Compensatory damages according to proof at trial;

   b.  General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within her career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

   c.  Exemplary and punitive damages according to proof at trial;

   d.  Reasonably attorneys' fees and costs under 29 U.S.C. § 2617(a)(3), 29 C.F.R. § 825.400(c), and Cal. Gov. Code § 12965;

   e.  Prejudgment and post judgment interest; and

   f.  Any other relief the court deems proper.

F.  As to the Sixth Cause of Action,

a. General and special damages for mental and emotional injuries according to proof at trial;

b. Exemplary and punitive damages according to proof at trial;

c. Reasonable attorneys' fees and costs under 29 U.S.C. § 2617(a)(3), 29 C.F.R. § 825.400(c), and Cal. Gov. Code § 12965;

d. Prejudgment and post judgment interest; and

e. Any other relief the court deems proper.

G. As to the Seventh Cause of Action,

a. Compensatory damages according to proof at trial;

b. General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within her career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

c. Exemplary and punitive damages according to proof at trial;

d. Reasonably attorneys' fees and costs pursuant to Cal. Gov. Code § 12965;

e. Prejudgment and post judgment interest; and

f. Any other relief the court deems proper.

H. As to the Eighth Cause of Action,

a. Compensatory damages according to proof at trial;

b. General and special damages in order to compensate Plaintiff for loss of job security, failure to properly advance within her career, damage to reputation, expenses and physical, mental and emotional injuries according to proof at trial;

c. Exemplary and punitive damages according to proof at trial;

d. Reasonably attorneys' fees and costs pursuant to Cal. Gov. Code § 12965;

e. Prejudgment and post judgment interest; and

f. Any other relief the court deems proper.

Respectfully Submitted,

FALAKASSA LAW, P.C.

Dated this 18th Day of March, 2022

Joshua S. Falakassa
Gregory Lang
Attorneys for Plaintiff Jennifer Meza

CM-010

COPY

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Joshua Falakassa (SBN 295045); Gregory Lang (SBN 3350365)
Falakassa Law, P.C.; 1901 Avenue of the Stars, Suite # 450, Los Angeles CA 90067

TELEPHONE NO.: 818.456.6168 FAX NO. (Optional):
E-MAIL ADDRESS: josh@falakassalaw.com
ATTORNEY FOR (Name): Jennifer Meza

FOR COURT USE ONLY

FILED
2022 MAR 23 AM 11:5
BRANDON E. RILEY, CLERK
BY TRUDY L. HALEY
DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
STREET ADDRESS: 180 E Weber Ave., 2nd Floor
MAILING ADDRESS: 180 E Weber Ave., Suite 200
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: Civil Department

CASE NAME:
Jennifer Meza v. Comfort Air Inc., et al

# CIVIL CASE COVER SHEET

[x] **Unlimited** (Amount demanded exceeds $25,000)
[ ] **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: STK-CV-UWT-2022-2180
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: 8 - Discrimination, retaliation, wrongful termination, and interference in violation of FEHA
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 18, 2022
Gregory Lang
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

BY FAX

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa (SBN: 295045)
Gregory Lang (SBN: 335036)
1901 Avenue of the Stars Suite #450
Los Angeles, California 90067
Tel.: (818) 456-6168 | Fax: (888) 505-0868
Email: josh@falakassalaw.com

Attorneys for Plaintiff
JENNIFER MEZA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN JOAQUIN

| | |
|---|---|
| JENNIFER MEZA, an individual,<br><br>Plaintiff,<br>vs.<br><br>COMFORT AIR, INC., a California corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. STK-CV-UWT-2022-2180<br><br>**PROOF OF SERVICE** |

**PROOF OF SERVICE**

I am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Falakassa Law, P.C., 1010 F Street, Ste. 300, Sacramento, California 95814.

On March 24, 2022, I served the following document(s) described as:

**1) COMPLAINT FOR DAMAGES**

**2) CIVIL CASE COVER SHEET**

**3) SUMMONS**

**4) NOTICE OF ACKNOWLEDGMENT AND RECEIPT – CIVIL**

on counsel for the interested parties in this action as follows:

**Cameron Haynes**
**Downey Brand LLP**
**621 Capitol Mall, 18th Floor**
**Sacramento, California 95814**
**chaynes@DowneyBrand.com**

Pursuant to Emergency Rule 12 and Code of Civil Procedure § 1010.6, I delivered a true and correct copy of each of the documents listed above in electronic format from my business email address, greg@falakassalaw.com, to the email addresses listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 24, 2022, at West Sacramento, California.

GREGORY S. LANG

**POS-015**

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 295045
NAME: Joshua Falakassa
FIRM NAME: Falakassa Law, P.C.
STREET ADDRESS: 1901 Avenue of the Stars, Suite 450
CITY: Los Angeles STATE: CA ZIP CODE: 90067
TELEPHONE NO.: (818) 456-6168 FAX NO. : (888) 505-0868
E-MAIL ADDRESS: josh@falakassalaw.com
ATTORNEY FOR (*Name*): Jennifer Meza

***FOR COURT USE ONLY***

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Joaquin
STREET ADDRESS: 180 E. Weber Ave, 2nd Floor
MAILING ADDRESS: 180 E. Weber Ave., Suite 200
CITY AND ZIP CODE: Stockton, CA 95202
BRANCH NAME: Civil Department

Plaintiff/Petitioner: Jennifer Meza, an individual
Defendant/Respondent: Comfort Air, Inc., a California Corporation

## NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL

CASE NUMBER: STK-CV-UWT-2022-2180

TO *(insert name of party being served):* Comfort Air, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 24, 2022

Gregory Lang
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of ***(to be completed by sender before mailing):***

1. [x] A copy of the summons and of the complaint.
2. [ ] Other *(specify):*

***(To be completed by recipient):***

Date this form is signed: April 13, 2022

Cameron Haynes
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

# Exhibit B

Exhibit B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: 295045<br>NAME: Joshua Falakassa<br>FIRM NAME: Falakassa Law, P.C.<br>STREET ADDRESS: 1901 Avenue of the Stars, Suite 450<br>CITY: Los Angeles STATE: CA ZIP CODE: 90067<br>TELEPHONE NO.: (818) 456-6168 FAX NO.: (888) 505-0868<br>E-MAIL ADDRESS: josh@falakassalaw.com<br>ATTORNEY FOR (Name): Jennifer Meza | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Joaquin<br>STREET ADDRESS: 180 E. Weber Ave, 2nd Floor<br>MAILING ADDRESS: 180 E. Weber Ave., Suite 200<br>CITY AND ZIP CODE: Stockton, CA 95202<br>BRANCH NAME: Civil Department | |
| Plaintiff/Petitioner: Jennifer Meza, an individual<br>Defendant/Respondent: Comfort Air, Inc., a California Corporation | |
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>STK-CV-UWT-2022-2180 |

TO *(insert name of party being served)*: Comfort Air, Inc.

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 24, 2022

Gregory Lang
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of ***(to be completed by sender before mailing)***:

1. [x] A copy of the summons and of the complaint.
2. [ ] Other *(specify)*:

***(To be completed by recipient)***:

Date this form is signed: April 13, 2022

Cameron Haynes
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY, ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ [signature]
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure, §§ 415.30, 417.10
*www.courtinfo.ca.gov*