DOWNEY BRAND LLP
CASSANDRA M. FERRANNINI (Bar No. 204277)
cferrannini@downeybrand.com
CAMERON P. HAYNES (Bar No. 316944)
chaynes@downeybrand.com
621 Capitol Mall, 18th Floor
Sacramento, California 95814
Telephone:   916.444.1000
Facsimile:   916.444.2100

Attorneys for Defendant
COMFORT AIR, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| JENNIFER MEZA, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>COMFORT AIR, INC., a California corporation; and DOES 1 through 20, inclusive,<br><br>    Defendants. | Case No. 2:22-cv-00813-KJM-DB<br><br>**DEFENDANT COMFORT AIR, INC.'S ANSWER TO COMPLAINT** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant COMFORT AIR, INC. ("Defendant" or "Comfort Air") answers the Complaint of Plaintiff JENNIFER MEZA ("Plaintiff"). If an averment is not specifically admitted, it is hereby denied.

**ANSWER TO COMPLAINT**

**PARTIES**

1. Answering Paragraph 1 of the Complaint, Defendant admits that Plaintiff is an adult female. As to the remaining allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies each and every remaining allegation in this paragraph.

2. Answering Paragraph 2 of the Complaint, Defendant admits that it is presently a corporation incorporated in California and that it does business in the State of California.

Additionally, Defendant admits to the existence of the California Fair Employment and Housing Act ("FEHA"), Family and Medical Leave At ("FMLA") and California Family Rights Act ("CFRA").  To the extent Plaintiff purports to characterize them, Defendant denies any and all such allegations.  The remainder of this paragraph consists of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them.  Defendant denies each and every remaining allegation in this paragraph.

3. The allegations in Paragraph 3 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them.  Defendant denies each and every remaining allegation in this paragraph.

4. The allegations in Paragraph 4 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them.  Defendant denies each and every remaining allegation in this paragraph.

## COMMON FACTUAL ALLEGATIONS

5. Answering Paragraph 5 of the Complaint, Defendant admits that it is a heating, ventilation and air conditioning ("HVAC") installation and servicing company.  As to the remaining allegation in this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation, including as to the relevant time period, and therefore denies it.  Defendant denies each and every remaining allegation in this paragraph.

6. Answering Paragraph 6 of the Complaint, Defendant admits that it hired Plaintiff as an employee in September 2018.  As to the remaining allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, including as to the relevant time period, and therefore denies them.  Defendant denies each and every remaining allegation in this paragraph.

7. Answering Paragraph 7 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, including as to the relevant time period, and therefore denies them. Defendant denies each and every remaining allegation in this paragraph.

///

8. Answering Paragraph 8 of the Complaint, Defendant denies that "[o]ver the course of Plaintiff's employment, she effectively performed her job duties and was a pleasure to work with." As to the remaining allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them. Defendant denies each and every remaining allegation in this paragraph.

9. Answering Paragraph 9 of the Complaint, Defendant admits that it produced Plaintiff's personnel file to her on January 24, 2022 and that Plaintiff received a bonus during her employment. To the extent Plaintiff purports to characterize these actions, Defendant denies any and all such allegations. As to the remaining allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them. Defendant denies each and every remaining allegation in this paragraph.

10. Answering Paragraph 10 of the Complaint, Defendant admits that Plaintiff underwent an elective, cosmetic procedure in October 2021. As to the remaining allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them. Defendant denies each and every remaining allegation in this paragraph.

11. Answering Paragraph 11 of the Complaint, Defendant admits that on October 26, 2021, Plaintiff's physician Dr. Hugh Vu, MD provided a note to Defendant indicating that Plaintiff was to be off work until she received medical clearance. As to the remaining allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them. Defendant denies each and every remaining allegation in this paragraph.

12. Answering Paragraph 12 of the Complaint, Defendant admits that Plaintiff requested and took additional leave following her elective, cosmetic procedure. The remainder of this paragraph consists of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

/ / /

13. Answering Paragraph 13 of the Complaint, Defendant admits that Plaintiff asked to work remotely from home and come in after hours despite Dr. Vu's note directing that Plaintiff was to be off work until she received medical clearance. The remainder of this paragraph consists of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant also lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, and therefore denies them. Defendant denies each and every remaining allegation in this paragraph.

14. Answering Paragraph 14 of the Complaint, Defendant admits that Plaintiff received medical clearance to return to work and returned to work on November 8, 2021.

15. Answering Paragraph 15 of the Complaint, Defendant admits that Plaintiff's at-will employment ended on November 22, 2021. As to the remaining allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them. Defendant denies each and every remaining allegation in this paragraph.

16. Answering Paragraph 16 of the Complaint, Defendant admits that Plaintiff's personnel file contains a letter from Dustin Saccone. To the extent Plaintiff purports to characterize the letter, Defendant denies any and all such allegations. As to the remaining allegations in this paragraph, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them. Defendant denies each and every remaining allegation in this paragraph.

17. The allegations in Paragraph 17 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

18. The allegations in Paragraph 18 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

19. The allegations in Paragraph 19 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant

denies each and every remaining allegation in this paragraph.

20. Answering Paragraph 20 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and therefore denies them. Defendant denies each and every remaining allegation in this paragraph.

## FIRST CAUSE OF ACTION

### (Disability Discrimination in Violation of FEHA)

21. Answering Paragraph 21 of the Complaint, Defendant incorporates all paragraphs above as through fully set forth herein.

22. Answering Paragraph 22 of the Complaint, Defendant admits to the existence of the FEHA. To the extent Plaintiff purports to characterize it, Defendant denies any and all such allegations. The remaining allegations in this paragraph consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

23. The allegations in Paragraph 23 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

24. The allegations in Paragraph 24 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

25. The allegations in Paragraph 25 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

26. The allegations in Paragraph 26 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

27. The allegations in Paragraph 27 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

DOWNEY BRAND LLP

28. The allegations in Paragraph 28 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

29. The allegations in Paragraph 29 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

30. The allegations in Paragraph 30 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

## SECOND CAUSE OF ACTION

### (Retaliation in Violation of FEHA)

31. Answering Paragraph 31 of the Complaint, Defendant incorporates all paragraphs above as through fully set forth herein.

32. Answering Paragraph 32 of the Complaint, Defendant admits to the existence of the FEHA. To the extent Plaintiff purports to characterize it, Defendant denies any and all such allegations. The remaining allegations in this paragraph consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

33. The allegations in Paragraph 33 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

34. The allegations in Paragraph 34 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

35. The allegations in Paragraph 35 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

/ / /

36. The allegations in Paragraph 36 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

## THIRD CAUSE OF ACTION

### (Discrimination in Violation of FMLA/CFRA)

37. Answering Paragraph 37 of the Complaint, Defendant incorporates all paragraphs above as through fully set forth herein.

38. Answering Paragraph 38 of the Complaint, Defendant admits that it did business in the State of California. As to whether Defendant employed 50 or more full or part-time employees, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, including as to the relevant time period, and therefore denies them. The remaining allegations in this paragraph consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

39. Answering Paragraph 39 of the Complaint, Defendant admits to the existence of the FMLA and the CFRA. To the extent Plaintiff purports to characterize them, Defendant denies any and all such allegations. The remaining allegations in this paragraph consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

40. Answering Paragraph 40 of the Complaint, Defendant admits that Plaintiff's at-will employment with Defendant ended on November 22, 2021. The remaining allegations in this paragraph consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

41. The allegations in Paragraph 41 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

/ / /

1   42. The allegations in Paragraph 42 consist of legal conclusions to which no factual
2   response is required, and on that basis, Defendant neither admits nor denies them. Defendant
3   denies each and every remaining allegation in this paragraph.

4   43. The allegations in Paragraph 43 consist of legal conclusions to which no factual
5   response is required, and on that basis, Defendant neither admits nor denies them. Defendant
6   denies each and every remaining allegation in this paragraph.

## FOURTH CAUSE OF ACTION

### (Interference with FMLA/CFRA Rights)

9   44. Answering Paragraph 44 of the Complaint, Defendant incorporates all paragraphs
10  above as through fully set forth herein.

11  45. Answering Paragraph 45 of the Complaint, Defendant admits that it did business in
12  the State of California. As to whether Defendant employed 50 or more full or part-time
13  employees, Defendant lacks knowledge or information sufficient to form a belief about the truth of
14  the allegations, including as to the relevant time period, and therefore denies them. The remaining
15  allegations in this paragraph consist of legal conclusions to which no factual response is required,
16  and on that basis, Defendant neither admits nor denies them. Defendant denies each and every
17  remaining allegation in this paragraph.

18  46. Answering Paragraph 46 of the Complaint, Defendant admits to the existence of the
19  FMLA and CFRA. To the extent Plaintiff purports to characterize them, Defendant denies any
20  and all such allegations. The remaining allegations in this paragraph consist of legal conclusions
21  to which no factual response is required, and on that basis, Defendant neither admits nor denies
22  them. Defendant denies each and every remaining allegation in this paragraph.

23  47. Answering Paragraph 47 of the Complaint, Defendant admits to the existence of the
24  FMLA and the CFRA. To the extent Plaintiff purports to characterize them, Defendant denies any
25  and all such allegations. The remaining allegations in this paragraph consist of legal conclusions
26  to which no factual response is required, and on that basis, Defendant neither admits nor denies
27  them. Defendant denies each and every remaining allegation in this paragraph.

28  / / /

1805573                                    8                    Case No. 2:22-cv-00813-KJM-DB
DEFENDANT COMFORT AIR, INC.'S ANSWER TO COMPLAINT

48. Answering Paragraph 48 of the Complaint, Defendant admits that Plaintiff's at-will employment with Defendant ended on November 22, 2021. The remaining allegations in this paragraph consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

49. The allegations in Paragraph 49 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

50. The allegations in Paragraph 50 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

## FIFTH CAUSE OF ACTION

### (Retaliation in Violation of CFRA)

51. Answering Paragraph 51 of the Complaint, Defendant incorporates all paragraphs above as through fully set forth herein.

52. Answering Paragraph 52 of the Complaint, Defendant admits that it did business in the State of California and that it employed five or more employees during Plaintiff's employment with Defendant. The remaining allegations in this paragraph consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

53. Answering Paragraph 53 of the Complaint, Defendant admits to the existence of the CFRA. To the extent Plaintiff purports to characterize it, Defendant denies any and all such allegations. The remaining allegations in this paragraph consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

54. The allegations in Paragraph 54 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

55. The allegations in Paragraph 55 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

56. The allegations in Paragraph 56 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

57. The allegations in Paragraph 57 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

## SIXTH CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy)**

58. Answering Paragraph 58 of the Complaint, Defendant incorporates all paragraphs above as through fully set forth herein.

59. Answering Paragraph 59 of the Complaint, Defendant admits to the existence of the FEHA and CFRA. To the extent Plaintiff purports to characterize them, Defendant denies any and all such allegations. The remaining allegations in this paragraph consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

60. The allegations in Paragraph 60 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

61. The allegations in Paragraph 61 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

62. The allegations in Paragraph 62 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

///

## SEVENTH CAUSE OF ACTION

**(Failure to Engage in the Interactive Process in Violation of FEHA)**

63. Answering Paragraph 63 of the Complaint, Defendant incorporates all paragraphs above as through fully set forth herein.

64. Answering Paragraph 64 of the Complaint, Defendant admits to the existence of California Government Code section 12940(n). To the extent Plaintiff purports to characterize it, Defendant denies any and all such allegations. The remaining allegations in this paragraph consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

65. The allegations in Paragraph 65 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

66. The allegations in Paragraph 66 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

67. The allegations in Paragraph 67 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

68. The allegations in Paragraph 68 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

69. The allegations in Paragraph 69 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

## EIGHTH CAUSE OF ACTION

**(Failure to Provide a Reasonable Accommodation in Violation of FEHA)**

70. Answering Paragraph 70 of the Complaint, Defendant incorporates all paragraphs above as through fully set forth herein.

71. The allegations in Paragraph 71 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

72. The allegations in Paragraph 72 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

73. The allegations in Paragraph 73 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

74. The allegations in Paragraph 74 consist of legal conclusions to which no factual response is required, and on that basis, Defendant neither admits nor denies them. Defendant denies each and every remaining allegation in this paragraph.

**PRAYER**

Plaintiff's Prayer for Relief as to each cause of action are legal conclusions for which no factual responses are required, and on that basis, Defendant neither admits nor denies them. However, to the extent responses are required, Defendant denies the allegations in Plaintiff's Prayer for Relief as to each cause of action.

**AFFIRMATIVE DEFENSES**

Defendant pleads the following separate defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1. Plaintiff's Complaint, and each purported cause of action set forth therein, fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2. Each purported cause of action contained in Plaintiff's Complaint is barred by such statutes of limitation as may be applicable, including, but not limited to, California Code of Civil

Procedure Sections 335, 335.1, 336, 337, 338, 339, 340, 340.5, 340.9, 343, 344 and 474.

**THIRD AFFIRMATIVE DEFENSE**

**(Consent)**

3. Plaintiff's Complaint and each purported cause of action contained therein, is barred, in whole or in part, to the extent Plaintiff consented to and approved all acts and omissions about which she now complains.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel, Laches and Unclean Hands)**

4. Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the doctrines of estoppel, laches and/or unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

5. Plaintiff's Complaint, and each purported cause of action contained therein, is barred because Plaintiff failed to exhaust her administrative remedies.

**SIXTH AFFIRMATIVE DEFENSE**

**(Justification / Excuse)**

6. As to Plaintiff's Complaint and each purported cause of action contained therein, Defendant alleges that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on her behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because the acts and/or omissions alleged in the Complaint were justified and/or excused.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Injury or Damage)**

7. As to Plaintiff's Complaint, and each purported cause of action contained therein, Defendant alleges that Plaintiff has not been injured or damaged as a proximate result of any act or omission for which Defendant is responsible.

/ / /

/ / /

### EIGHTH AFFIRMATIVE DEFENSE

### (Privilege)

8.  As to Plaintiff's Complaint and each purported cause of action contained therein, Defendant alleges that in each act or statement done or made by Defendant, its officers, employees and/or agents, with reference to Plaintiff were and continue to be made in good faith and are proper assertions of Defendant's legal rights and obligations and, therefore, were and are privileged.

### NINTH AFFIRMATIVE DEFENSE

### (Punitive Damages Barred)

9.  As to Plaintiff's Complaint and each purported cause of action contained therein, Plaintiff's alleged claim for punitive damages is barred by the provisions of California Civil Code Sections 3294 and 3295.

### TENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Limited)

10. As to Plaintiff's Complaint and each purported cause of action contained therein, Defendant alleges that if Plaintiff produces clear and convincing evidence against Defendant sufficient to satisfy the requirements for punitive damages under California Civil Code, Section 3294, any punitive damages awarded must be reasonable in terms of the following guideposts set forth by the United States Supreme Court in *BMW of North America. Inc. v. Ira Gore. Jr.*: (1) the degree of reprehensibility of the Defendant's conduct; (2) the actual harm inflicted on Plaintiff; and (3) the civil or criminal penalties that could be imposed for comparable misconduct.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

11. Plaintiff's Complaint and each purported cause of action contained therein, is barred, in whole or in part, to the extent that Plaintiff has an adequate remedy at law.

### TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

12. As to Plaintiff's Complaint and each purported cause of action contained therein,

DOWNEY BRAND LLP

Defendant alleges that as a result of her own acts and/or omissions, Plaintiff has waived any right which she may have had to recover and/or obtain any relief sought against Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (At-Will Status)

13. Plaintiff's Complaint, and each cause of action therein, is barred by the at-will employment provisions of California Labor Code section 2922.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences and Failure to Mitigate)

14. The damages asserted in Plaintiff's Complaint are barred at least in part by the doctrine of avoidable consequences. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant, which if reasonably utilized, would have prevented and/or reduced the harm she allegedly suffered. Alternatively, Plaintiff's recovery, if any, must be reduced by virtue of her failure to mitigate her alleged damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

15. Defendant did not engage in any action that was discriminatory or retaliatory. However, if Defendant's actions are found to be discriminatory or retaliatory, or to be motived in part by discrimination or retaliation, Defendant would have taken the same alleged employment action(s) for legitimate, non-discriminatory, and/or non-pre-textual reasons. Additionally, any relief to which Plaintiff may be entitled under her Complaint is barred and/or limited by after-acquired evidence of misconduct by Plaintiff which would have resulted in her termination.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Business Judgement)

16. Defendant was fully justified and exercised reasonable care, skill, and business judgment in the management of Plaintiff. Any decisions with respect to Plaintiff were made without consideration of improper or illegal matters. Defendant acted in good faith, consistent with the law and within Defendant's established policies and practices. Defendant's actions were proper and privileged.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Own Conduct / Third Party Conduct)**

17. Plaintiff's own conduct, or the conduct of other parties, is the cause of any purported damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Causal Connection)**

18. As to Plaintiff's Complaint and her FMLA and CFRA interference claims, such claims are barred in whole or in part based on a lack of causal connection between the alleged interference and Plaintiff's alleged harm.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Employment Would Have Ceased)**

19. As to Plaintiff's Complaint and her FMLA and CFRA claims, such claims are barred in whole or in part because Plaintiff's employment would have ceased regardless of her alleged FMLA/CFRA leave.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Failure to Provide FMLA / CFRA Notice)**

20. As to Plaintiff's Complaint and her FMLA and CFRA claims, such claims are barred in whole or in part because Plaintiff failed to provide Defendant with timely, appropriate and/or reasonable notice of her need for FMLA and/or CFRA leave.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Undue Hardship)**

21. As to Plaintiff's Complaint and her disability-related claims pursuant to the FEHA, any accommodations beyond those provided to Plaintiff were an undue hardship for Defendant.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Speculative Damages)**

22. Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, to the extent that Plaintiff's alleged damages are too speculative to form a basis of recovery.

///

1     WHEREFORE, Defendant prays for relief as follows:

2     1.   That the Complaint be dismissed, with prejudice and in its entirety;

3     2.   That Plaintiff take nothing by reason of this Complaint and that judgment be
4  entered against Plaintiff and in favor of Defendant;

5     3.   That Defendant be awarded his costs incurred in defending this action;

6     4.   That Defendant be granted such other and further relief as the Court may deem just
7  and proper.

9  DATED:  May 19, 2022                    DOWNEY BRAND LLP

                                           By:  /s/ *Cameron P. Haynes*
                                                CASSANDRA M. FERRANNINI
                                                CAMERON P. HAYNES
                                                Attorneys for Defendant
                                                COMFORT AIR, INC.